IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER McGHEE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-2834-T |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTION,
ADOPTING REPORT AND RECOMMENDATION,
AFFIRMING THE COMMISSIONER'S DECISION
AND
DENYING PLAINTIFF'S MOTIONS

Plaintiff Walter McGhee, II, acting *pro se*, filed this action seeking review of a final decision of the Commissioner of Social Security finding that McGhee's disability ceased in June 2003 and terminating his disability insurance benefits as of August 31, 2003. On November 30, 2006, pursuant to sentence six of 42 U.S.C. § 405(g), the case was remanded to the Commissioner for further proceedings because a portion of the administrative record could not be located (Docket Entry #10). After completion of the additional administrative proceedings, the Commissioner filed an answer to the complaint on March 1, 2007 (D.E. #12); the case was reopened and referred to United States Magistrate Judge Tu M. Pham for a report and recommendation (D.E. #13). On November 6, 2007 and again on January 14,

2008, Plaintiff filed motions for leave to file an amended pleading. (D.E. #20, #22.)

Magistrate Judge Pham filed a report and recommendation on February 7, 2008, recommending that the Commissioner's decision be affirmed (D.E. #23). Magistrate Judge Pham also construed Plaintiff's motions to file an amended pleading as motions to submit new evidence and recommended that both motions be denied, id. at 44-46. Plaintiff filed a timely objection to the report and recommendation on February 15, 2008 (D.E. #24). On June 4, 2008, Plaintiff also filed a motion to waive overpayment (D.E. #25), to which the Commissioner filed a response (D.E. #26).

Plaintiff's objection to the report and recommendation consists of his affidavit (D.E. #24 at 1-2) and two exhibits, a letter from a Mental Health Specialist at Southeast Mental Health Center ("SMHC") dated August 12, 1999, id. at 3, and a transcript from the University of Memphis spanning several semesters from 1996 to 2003, id. at 4-5. Without making any specific objections to the report and recommendation, Plaintiff makes various statements in his affidavit. For example:

3. I am unable to perform past work, work with others in the general population and have trouble with authority figures in the workplace.

6. I watch television and straighten my room. All other chores are done by my mom. I have no friends and family members do not visit me nor do I visit them. The last family gathering was at a wedding on July 7, 2007 at St. Mark Baptist Church.

9. Out of all the professional opinions supporting the discontinue [sic] of my disability benefits, not one of them professional or personally asked me why do I believe that I'm disabled. The record supports this allegation. By my own life experiences, I am not able like others in the general population because of depression and lack of sleep and social

> isolation. There has been no change in symptoms, signs and current medication refutes the opinions of others. I believe that their opinions do not reflect my true pain because they are on the outside attempting to look inwards and are not in my situation and do not know me personally to give a true account. No one can feel another person's pain. . . .
>
> 11. I currently weigh only 132 pounds and get little sleep at night.

Id. at 1-2. Nothing contained in the affidavit is sufficient to show that the Commissioner's decision is not supported by substantial evidence.

Plaintiff's transcript from the University of Memphis constitutes new evidence, which he states he misplaced until after the hearing before the Administrative Law Judge ("ALJ"). The Court finds that Plaintiff has failed to show good cause for not presenting the transcript to the ALJ, so that the evidence may not be considered as grounds for remand. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996). Even if temporarily misplacing a document would constitute good cause, the transcript is not material because there is no reasonable likelihood that it would have changed the Commissioner's decision. Sizemore v. Sec'y of Health and Human Servs., 865 F.2d 709, 711 (6th Cir. 1998). The 1999 letter from SMHC actually states that Plaintiff's condition had improved and he could resume normal activities and return to college, so that it also would not have changed the Commissioner's decision.

Similarly, with regard to Plaintiff's motions to file amended pleadings to include various other new evidence, he has failed to show good cause for not submitting the documents at the hearing before the ALJ, and has failed to show that the documents are

3

material.  Thus, these documents also may not be considered as grounds for remand.

The Court finds that Plaintiff's objection fails to demonstrate that the Commissioner's decision is not supported by substantial evidence or is contrary to law.  Therefore, the Court ADOPTS the report and recommendation in its entirety.  The Commissioner's decision is hereby AFFIRMED.  Plaintiff's motions to file amended pleadings to submit new evidence are DENIED.

Finally, Plaintiff has filed a motion to waive overpayment, in which he asks the Court to approve a waiver of his obligation to repay the excess disability benefits he received. Plaintiff's mother, as his representative payee, apparently requested such a waiver from the Social Security Administration on May 5, 2008 (D.E. #25 at 2-9).  However, the final agency decision that was appealed to this Court addressed only the cessation of Plaintiff's disability and the termination of his benefits.  The Commissioner's decision did not address the issue of overpayment and, therefore, the issue is not properly before the Court.  Accordingly, Plaintiff's motion for waiver of overpayment is also DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE